IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BARBET DENNIS,

           Plaintiff,

v.                                                            Civil Action No. 2:16-cv-10815

C. R. BARD, INC.,

           Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant C.R. Bard, Inc.'s Motion for Summary Judgment [ECF No. 22]. The plaintiff filed a response [ECF No. 25], and the defendant filed a reply [ECF No. 26]. The matter is ripe for adjudication. For the reasons stated herein, the motion is **GRANTED in part** and **DENIED in part**.

I.    Background

This case involves a Texas plaintiff implanted with the Align TO Urethral Support System, a mesh product manufactured by C.R. Bard Inc. ("Bard"), on March 6, 2013, in Houston, Texas. Short Form Compl. [ECF No. 1] ¶¶ 1–12. This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 24,000 cases currently pending, approximately 3,000 of which are in the C. R.

Bard, Inc. MDL, MDL No. 2187.

In an effort to manage the massive Bard MDL efficiently and effectively, the court decided to conduct pretrial discovery and motions practice on an individualized basis. To this end, I ordered the plaintiffs and defendants to submit a joint list of remaining cases in the Bard MDL, MDL 2187, with claims against Bard and other defendants where counsel has at least 20 cases in the Bard MDL. The list included nearly 3,000 cases. From these cases, I selected 332 cases to become part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 244, *In re C. R. Bard, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:10md-02187, March 3, 2017, https://www.wvsd.uscourts.gov/MDL/2187/orders.html. Upon the creation of a wave, a docket control order subjects each active case in the wave to the same scheduling deadlines, rules regarding motion practice, and limitations on discovery. I selected the instant civil action as a Wave 5 case.

II. **Legal Standards**

a. **Summary Judgment**

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, is insufficient to preclude the granting of a summary judgment motion. *See Felty v. Graves Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Comm'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *abrogated on other grounds*, *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989).

b. Choice of Law

Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases. To determine the applicable state law for a dispositive motion, the court generally refers to the choice-of-law rules of the jurisdiction where the plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996); *In re Air Crash Disaster Near Chi., Ill.*, 644 F.2d 594, 610 (7th Cir. 1981); *In re Digitek Prods. Liab. Litig.*, MDL No. 2:08-md-01968, 2010 WL 2102330,

3

at *7 (S.D. W. Va. May 25, 2010).

If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, as the plaintiff did here, I consult the choice-of-law rules of the state in which the implantation surgery took place—in this case, Texas. *See Sanchez v. Bos. Sci.Corp.*, No. 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014) ("For cases that originate elsewhere and are directly filed into the MDL, I will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product.").

The parties agree, as does this court, that Texas law applies to the plaintiff's claims. In tort actions, Texas adheres to the Restatement (Second) of Conflict of Laws. *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979). Under Section 145 of the Second Restatement, the court must apply the law of the state with the most "significant relationship to the occurrence and the parties." Restatement (Second) of Conflicts of Laws § 145 (1971). Here, Ms. Dennis resides in Texas, the product was implanted in Texas, and the plaintiff's injuries occurred in Texas. Thus, I apply Texas's substantive law to this case.

### III. Discussion

Bard argues it is entitled to summary judgment because the relevant statutes of limitations bars certain claims. Bard also argues it is entitled to summary judgment on the plaintiff's manufacturing defect claims, breach of express and implied warranty claims, and her negligence claims to the extent she alleges negligent

4

"marketing," "inspection," "packaging," and "selling" because these claims are without evidentiary or legal support.

### a. Conceded Claims

The plaintiff concedes the following claims: Count III (Strict Liability - Manufacturing Defect); Count V (Breach of Express Warranty); and Count VI (Breach of Implied Warranty). Accordingly, Bard's Motion regarding these Counts is **GRANTED**.

### b. Negligence

Bard contends that the plaintiff's claims for negligent marketing, inspection, packaging and selling of the product fail for lack of evidence. The plaintiff argues that Bard misconstrues the nature of her negligence claims, and that her allegations regarding the inspection, marketing, labeling, packaging, and selling of the product comprise part of her general negligence claim, rather than distinct theories of recovery. In short, the plaintiff asserts that Bard failed to adequately study or test the safety of its mesh products, and then failed to provide sufficient information to physicians and patients regarding associated risks.

A review of the plaintiff's Count I in the Master Complaint, Master Compl. ¶¶ 62–67, No. 2:10-md-2187 [ECF No. 199], reveals that the plaintiff asserted three distinct negligence theories under "Count I." The bulk of the Count I allegations make claims for negligent failure to use reasonable care in testing and inspecting the products. The other negligence allegations posit that Bard was negligent in "designing, manufacturing, marketing, labeling, packaging, and/or selling" the

5

products. *Id.* at ¶ 64. Thus, the plaintiff's concern that Bard is misconstruing the plaintiff's negligence claim is meritless. Bard simply chose to address the plaintiff's different theories of negligence separately, a practice expressly permitted under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought.").

The plaintiff identifies in the record support sufficient to create a genuine dispute of material fact regarding whether Bard breached a legal duty that caused the plaintiff's injuries in its "inspection, marketing, labeling, packaging, or selling" of the product. Accordingly, Bard's Motion on these points is **DENIED.**

### c. Remaining Claims

After considering the parties' proffered arguments and evidence, I **FIND** that genuine disputes of material fact exist regarding the plaintiff's remaining claims, as well as the issue of the accrual of statute of limitations, which is controlled by Texas's substantive law. Accordingly, to the extent Bard's Motion challenges any other claims, the Motion is **DENIED**.

## IV. Conclusion

The defendant's motion for summary judgment is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** as to Count III (Strict Liability - Manufacturing Defect); Count V (Breach of Express Warranty); and Count VI (Breach of Implied Warranty). The Motion is **DENIED** in all other respects.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record

and any unrepresented party.

          **ENTER:**    February 1, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE